THE CITY OF PAOLA v. MARY C. HAMPTON.
### No. 161.

1. VERDICT — *determining question of negligence, not disturbed.*
An appellate court cannot inquire into the question of negligence
in an action for damages where the issue was properly submitted
to a jury by the trial court and no exceptions were taken by either
party to the instructions given, and the trial court rendered judg-
ment for the plaintiff upon the verdict of the jury which was in
his favor, the evidence tending to prove the allegations of the
plaintiff's petition.

2. INSTRUCTIONS — *properly refused.* The instructions which were
refused were either included in the general charge or were not
applicable under the facts proven, and were properly refused.

Error from Miami District Court. Hon. John T.
Burris, Judge. Opinion filed June 9, 1897. *Affirmed.*

*W. B. Crossan,* and *A. Lane,* for plaintiff in error.

*W. T. Johnston,* and *George Kingsley,* for defendant
in error.

MILTON, J. Counsel assign as error the refusal to
give two instructions asked for by the plaintiff in
error. Neither party excepted to any of the instruc-
tions given. Counsel argue also that the City was not
negligent, and that the injury, if any, was caused by
Mrs. Hampton's own negligence.

We cannot consider these claims, as the question of
negligence on the part of plaintiff or of defendant
was for the jury, and by their verdict they found
that the City was negligent and that the defendant in
error was not negligent. But counsel say that the
City had a right to permit property owners to use
part of the sidewalks for the purpose of trade and
commerce, and to enhance the value of their property,
when such use did not render the sidewalk danger-
ous to those using ordinary care in passing over it;

592    CITY OF PAOLA v. HAMPTON.

S. Dept.          Opinion.    Milton, J.          5 Kan. App.

that no basement on a public street can be used without using a part of the sidewalk; that this is the ordinary way in the City of Paola, and probably in most cities in Kansas, and that stairways leading to basements, guarded as this one was, are not dangerous to the public. It is easy to see that, if it is left to property owners themselves to determine what is necessary or convenient in the matter of using the sidewalks in front of their buildings, the public may be obliged to use the middle of the street for safety. We are not called upon to decide the questions thus raised except in this particular case. The jury viewed the premises, and the court instructed them that, in the absence of any ordinance regulating the construction of cellar ways projecting into the sidewalks of the City, it was a question of fact for them to determine from the evidence whether or not the cellar way in question was such an opening in the sidewalk as to materially endanger and subject to risk of personal injury, persons travelling on the sidewalk. The jury found for the plaintiff, and their finding concludes all inquiry as to the dangerous character of the opening in the sidewalk.

1. Verdict conclusive.

One of the instructions asked by the plaintiff in error related to the measure of damages. We think this matter was fully and properly presented in the instructions given, and that the instruction offered was properly refused. The other instruction was to the effect that persons passing over a sidewalk in a city "are bound to take notice of the existence of such obstructions as the necessity of commerce, and the convenient occupation of residences or other buildings render common, and, if injured by them, they cannot recover; and, if the jury find the stairway in question to have been constructed and guarded in the

usual manner, the plaintiff cannot recover." The
2. Instructions     trial court properly instructed the jury
   properly given.  as to the duty enjoined upon a city of
the second class in respect to keeping its streets and
sidewalks in a reasonably safe and suitable condition
for public travel, and properly limited the inquiry to
the street and cellar way in question. We think the
instruction asked for was improper under the facts in
the case, and that it was properly refused.

No error appearing in the record, the judgment of
the trial court will be affirmed.